24860. HENDERSON *v.* MADDOX *et al.*

DECIDED MARCH 10, 1936. ADHERED TO ON REHEARING, MARCH 31, 1936.

*V. E. Adams, D. H. McWilliam,* for plaintiff.
*Dorsey, Shelton & Pharr, Madison Richardson,* for defendants.

STEPHENS, J. Estelle A. Henderson instituted suit in the superior court against Cone M. Maddox and J. M. George as marshal of the municipal court of Atlanta, to recover damages for an alleged malicious trespass by the defendants upon the rights of the plaintiff, in causing her to be forcibly dispossessed from premises which she rightfully occupied by reason of the facts that her husband, Fred Henderson, before the date of the dispossession of the plaintiff on May 4, 1933, had obtained from a judge of the superior court an order restraining the defendants from executing the warrant to dispossess, and from interfering with Fred Henderson's possession of the premises, so long as he should pay $5 a week into the office of the clerk of the superior court; that she as agent for her husband had made payments according to the order of court, including the last payment which was made on April 29, 1933; and that the receipt for the money paid into the office of the clerk of the superior court on April 29, 1933, was on that date exhibited to a deputy marshal of the municipal court at the marshal's office; and that notwithstanding this the marshal, at the instance and demand of Cone M. Maddox, on the morning of May 4, 1933, went to the residence of the plaintiff and her husband, which was the property from which it was sought to dispossess her, and, in violation of law and the order of the court, threw into the street the household and kitchen furniture belonging to her and her husband jointly, along with other personal belongings of roomers in the house, to the plaintiff's damage in the alleged sum of $10,000.

It appears from the evidence that Fred Henderson had, as the alleged tenant of the premises, obtained an order restraining the present defendants from executing and putting into effect a warrant to dispossess. It was alleged in Fred Henderson's petition in that case that the dispossessory warrant, the execution of which he sought to restrain, was issued against him. It appears elsewhere, from the record in that case introduced in evidence, in the final decree rendered therein, which was entered after the plaintiff, Estelle Henderson, had been dispossessed under the warrant, dissolving all restraining orders, etc., that the dispossessory warrant, the execution of which Fred Henderson sought to have restrained, was a dispossessory warrant against Estelle A. Henderson.

It appeared from the evidence that Fred Henderson, in the proceeding to enjoin the execution of the warrant to dispossess, had on

April 5, 1933, obtained an order by the terms of which it was provided that until "a final judgment in this case" he should pay $20 per month to the clerk of the superior court, which order, on April 7, 1933, was so amended as to provide for payment into the office of the clerk of the superior court of $5 per week beginning April 8, 1933, until further order of court; and that in the event Fred Henderson failed to pay any of said sums on the due dates and to exhibit his receipt therefor to the marshal of the municipal court of Atlanta, the marshal should "instanter, and without notice or service, put out whoever he finds occupying said premises." It appears from the evidence in the case now before the court that the warrant under which the plaintiff Estelle A. Henderson was dispossessed was a warrant to dispossess issued February 3, 1933, against her as tenant. There is a notation upon this warrant as follows—"injunction 3/17/33." It appears from the evidence that in the rule nisi issued upon the petition of Fred Henderson to enjoin the execution of the dispossessory warrant there was a temporary restraining order in which the defendants in that case were restrained as prayed, and that this order was dated March 17, 1933. There is no evidence that a warrant to dispossess was issued against any person other than Estelle A. Henderson. The restraining order in the case of Fred Henderson of April 5, 1933, which was modified as indicated on April 7, 1933, which in effect restrains the city marshal J. M. George and the defendant Cone M. Maddox from executing a dispossessory warrant, must have referred to the dispossessory warrant against Estelle A. Henderson. The evidence is clearly susceptible of the inference that the restraining order which was obtained at the instance of Fred Henderson was a restraining order restraining the execution against the occupants of the premises of the warrant to dispossess which was issued against Estelle A. Henderson. This clearly appears in the final decree of the court in the case of Fred Henderson in which he sought an injunction to restrain the execution of the dispossessory warrant.

It appears from the evidence that the plaintiff, Estelle A. Henderson, made the weekly payments required by the restraining order in the case of Fred Henderson, and carried the receipts to the office of the municipal court of Atlanta for the purpose of exhibiting them to the marshal of the court, but each time the marshal was not in and she showed the receipts to a person in the office; that

on May 4, 1933, the officers came to the house and put her things out in the street and damaged them in detail as indicated by the evidence; that she told the officers who came to dispossess her that she had made the payments, but they dispossessed her nevertheless; that she showed her receipt to the deputy marshal of the municipal court, at the house, before they began throwing her things out; that she then went to her attorney's office; and that she had shown her receipt "to a half a dozen of them at the office, and two of them at the house when they were throwing the things. into the street." The petition for injunction and the order thereon against Cone M. Maddox and the marshal of the municipal court, with the answer of Cone M. Maddox, were introduced in evidence. The court granted a nonsuit, and the plaintiff excepted.

The warrant to dispossess, so long as the $5 a week was paid according to the terms of the order, could not be rightfully or legally enforced against any one in the occupancy of the premises. The plaintiff Estelle A. Henderson was an occupant of the premises. It appears from the evidence that Cone M. Maddox and J. M. George, the marshal, were defendants in the petition for injunction. They therefore necessarily were chargeable with notice of the contents of the order of court in effect restraining the execution of the dispossessory warrant pending the payment of $5 a week. It also appears from the evidence that J. M. George, the marshal, through his deputies had actual notice that the required payments had been made, and that the payment of April 29, entitled Fred Henderson as well as the plaintiff, Estelle Henderson, to remain in possession of the premises for the following week which extended beyond May 4, the date on which the plaintiff Estelle Henderson was dispossessed. The acts of the deputy marshals of the municipal court in dispossessing Estelle Henderson were necessarily the acts of the marshal himself, and he is chargeable therewith. The act of the marshal in dispossessing Estelle Henderson through his deputies, as it appears from the evidence, constituted a trespass. The court therefore erred, as against J. M. George, marshal of the municipal court, in granting a nonsuit.

It not appearing from the evidence that the other defendant, Cone M. Maddox, although he is chargeable with knowledge of the order of the superior court restraining the dispossession, directed the dispossession of Estelle Henderson, or that he had any knowl-

edge whatsoever of the enforcement of the dispossessory warrant and the dispossession by the officers of the municipal court of Estelle Henderson, the court did not, as against Cone M. Maddox, err in granting the nonsuit.

*Judgment affirmed in part, and reversed in part. Jenkins, P. J., and Sutton, J., concur.*